UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-cr-20410-LENARD/Turnoff

UNITED STATES OF AMERICA,

v.

RAHMIN J. JEFFERSON,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned upon Defendant Rahmin J. Jefferson's Motion to Suppress. **[DE 282]**. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 283]**. A hearing on this motion was held on October 12, 2010. **[DE 391]**. The Court has considered the written and oral arguments, the testimonial and record evidence, the court file, the applicable law, and is otherwise duly advised in the premises.

The parties' arguments are set forth in Defendant's Motion to Suppress **[DE 282]**; the Government's Omnibus Response **[DE 379]**; Defendant's Supplement **[DE 392]**; and the Government's Supplemental Response **[DE 397]**.

Defendant moved to suppress all evidence seized on September 16, 2009, arguing that he was subject to an impermissible, pre-textual stop resulting in an unlawful search and seizure.

CASE NO.: 10-cr-20410-LENARD/Turnoff

## Testimony

Detective Carlos Velez, formerly of the City of Miami Gardens Police Department, and Federal Bureau of Investigations Special Agent Lionel S. Lofton, Jr., testified at the hearing.

On September 16, 2009, the FBI was intercepting wire communications in which co-Defendant Antwan Roshax Gray was a party. Through the wiretap monitoring, they learned that a transaction was to occur at co-Defendant Shaheed Thompson's residence. As a result, Detective Velez and Agent Lofton were conducting surveillance of the Thompson residence. While doing so, the officers observed a gray Ford Mustang that was briefly parked at the Thompson residence. Because it was dark outside and the Mustang had dark-tinted windows, they could not determine if anybody got into or out of the car. When the car left the Thompson residence, the officers followed it and observed as it failed to stop at four stop signs. As the officers turned on the lights of their unmarked car, Defendant stopped the vehicle.

Defendant stepped out of his vehicle and began approaching the officers. Det. Velez exited the unmarked police vehicle and instructed Defendant to return to his vehicle. Det. Velez advised Defendant why he was being stopped and asked him if anyone else was in his vehicle. Det. Velez could not see inside the vehicle because of the dark tints on the windows. Defendant lowered the windows, and Det. Velez confirmed that the car was

empty. Defendant advised Det. Velez that he was in a hurry to get back to co-defendant Thompson's house.

According to Det. Velez, he advised Defendant that, due to Defendant's nervous behavior, a K9 unit was being summoned. Thereupon, Defendant advised Det. Velez that, on the passenger side of the vehicle, there was a bag containing incense, which he sold as cocaine, that the K9 might identify as narcotics. Defendant retrieved the bag from the vehicle and opened it for Det. Velez. The bag contained a white powder labeled "incense" and a scale. The white powder field-tested positive for cocaine.

The K9 unit arrived within minutes of the stop. The dog immediately alerted to the bag, as well as to the interior of the car. A search of the vehicle yielded a firearm, ammunition, and U.S. currency. Officer Velez then made a probable cause arrest for "armed trafficking" of 260 grams of cocaine. Agent Lofton testified that the white powder that field-tested positive for cocaine, along with the currency, the scale, and a handgun were consistent with the information received through the wiretap that a narcotics transaction was to occur. Ultimately, a laboratory test revealed that the powder was not cocaine.

At the time of the stop, there were no warrants for Defendant's arrest, and he was not the subject of an investigation or a wiretap. Defendant was driving a rental car but was not listed as an authorized driver on the rental agreement. Defendant advised that it was

CASE NO.: 10-cr-20410-LENARD/Turnoff

his girlfriend's car, but he had no way of contacting her. Agent Lofton testified that the car was towed because they were not able to resolve the issue at the scene.

Defendant contended that the vehicle stop was unlawful because it was pretextual. He argued that there was no legal basis to conduct a traffic stop and, even if there was, Officer Velez was not justified in seizing Defendant while he waited for a K9 unit to arrive nor in searching and seizing his property. The Government argued that probable cause existed to stop and search Defendant's vehicle based upon lawfully intercepted wire communications, as well as the traffic infractions and revelation of suspected cocaine.

## Analysis

The Fourth Amendment prohibits unreasonable searches and seizures, and requires that warrants be supported by probable cause. U.S. Const. amend. IV. There are, however, a few, well-delineated exceptions. One such exception to the warrant requirement is that police may search an automobile when they have probable cause to believe it contains contraband or evidence of criminal activity. U.S. v. Ross, 456 U.S. 798, 808-09, 102 S. Ct. 2157, 2164, 72 L.Ed.2d 572 (1982).

1.  **Warrantless Search Permitted by Automobile Exception**

    A.  **Probable Cause Based Upon Wiretap Information**

    The Government cited United States v. Nixon, 918 F.2d 895, 903 (11th Cir. 1990), where the Eleventh Circuit held that a warrantless search of an automobile based upon

CASE NO.: 10-cr-20410-LENARD/Turnoff

probable cause derived from wiretap intercepts was proper pursuant to the automobile exception. In this case, the officers had knowledge of wire communications indicating that a narcotics transaction would be taking place at Thompson's house, where they were conducting surveillance. They observed a Mustang arrive at the Thompson house and remain for a few minutes in the driveway. Based upon this information and their observations, the agents reasonably believed that the occupant of the vehicle was a party to a narcotics transaction. See United States v. Jackson, 548 F.Supp.2d 1314, 1320-21 (M.D. Fla. 2008) (finding that probable cause to search vehicle existed based upon information gathered from wiretap and surveillance confirming same).

### B.     Probable Cause Based Upon Traffic Violations

The Government argued that the initial stop was valid because Defendant Jefferson ran through several stop signs. A traffic stop is valid "if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with Terry [v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889]." U.S. v. Harris, 526 F.3d 1334, 1338 (11th Cir. 2008). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." Id. at 806, 116 S.Ct. at 1771; United States v. Holloman, 113

CASE NO.: 10-cr-20410-LENARD/Turnoff

F.3d 192, 194 (11th Cir.1997) (stating that Whren "squarely rejected the pretextual stop analysis" and that an officer's "ulterior motives" for a stop are not relevant so long as it is justified by probable cause). Here, Defendant committed various moving violations—rolling through several stop signs—which prompted the officers to lawfully stop his vehicle. Thus, the officers had probable cause to stop Defendant.

Further, Defendant argued that the officers were not justified in detaining him while waiting for the K9 unit to arrive. However, during that time, Defendant had voluntarily produced a bag containing a white powder, which he indicated he sold as cocaine, and a scale. While the officers were dealing with those items and conducting a field test of the white powder, the K9 unit arrived. "[A]n officer's investigation of a traffic stop must be 'reasonably related in scope to the circumstances which justified the interference in the first place.'" United States v. Boyce, 351 F.3d 1102, 1106 (11th Cir.2003) (quoting Terry, 392 U.S. at 20, 88 S. Ct. at 1879); see also Ramirez, 476 F.3d at 1236. Unless there is an articulable suspicion of other illegal activity, the stop cannot last longer than necessary to process the traffic violation. Id. at 1106 (citing U.S. v. Purcell, 236 F.3d 1274, 1278 (11th Cir. 2001). The law enforcement officer making the stop may, nevertheless, investigate the driver's license and the vehicle registration, which may be done by requesting a computer check. Id. In addition, a law enforcement officer may prolong a traffic stop to await the results of a routine criminal history check, so long as the detention does not take an

CASE NO.: 10-cr-20410-LENARD/Turnoff

unreasonably long time. Id. "Reasonableness is measured by examining the totality of the circumstances."Purcell, 236 F.3d at 1279 (citations omitted). "Rigid time limitations and bright-line rules are generally inappropriate." Id. (citations omitted).

Moreover, in Illinois v. Caballes, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), the defendant was stopped for a civil traffic infraction, during which a K9 unit arrived and conducted an exterior sniff search of the vehicle. Id. at 406. Following the positive alert to the trunk of the vehicle, the officers had probable cause to search the trunk. Id. The Supreme Court held that, where a lawful traffic stop was not extended beyond the time necessary to issue a citation and conduct ordinary inquiries incident to the stop, the arrival and use of a narcotics-detection canine to sniff around the exterior of the vehicle did not result in an infringement on Fourth Amendment rights, such as would have to be supported by some reasonable, articulable suspicion. Id. at 414, 125 S Ct. at 841. The Supreme Court found that

> the use of a well-trained narcotics-detection dog-one that "does not expose noncontraband items that otherwise would remain hidden from public view,"–during a lawful traffic stop, generally does not implicate legitimate privacy interests. In this case, the dog sniff was performed on the exterior of respondent's car while he was lawfully seized for a traffic violation. Any intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement.

Id. at 409, 125 S. Ct. at 838 (citations omitted).

Here, the officers did not extend the stop beyond the time necessary to conduct

reasonable inquiries incident thereto while they waited for the K9 unit to arrive. During that time, Defendant had voluntarily produced a bag containing a white powder which Defendant indicated he sold as cocaine. While the officers were conducting reasonable inquiries and a field test of the white powder, the K9 unit arrived. The K9 performed a sniff on the exterior of Defendant's vehicle while he was lawfully stopped for traffic violations. The dog immediately alerted to the bag and the interior compartment of the vehicle. "In the case of dog sniffs, 'probable cause arises when a drug-trained canine alerts to drugs.'" United States v. Nelson, 309 Fed. App'x 373, 375 (11th Cir. 2009) (*per curiam*) (citing United States v. Banks, 3 F.3d 399, 402 (11th Cir. 1993) (collecting cases). Accordingly, once the K9 alerted to the vehicle, the officers had probable cause to conduct a search of the vehicle. United States v. Glinton, 154 F.3d 1245, 1257 (11th Cir. 1998); Banks, 3 F.3d 399, 402 (11th Cir. 1993).

2. **Warrantless Search Permitted as Incident to Lawful Arrest**

Another exception to the warrant requirement is a search conducted incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 471, 38 L.Ed.2d 427 (1973). "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gordon, 231 F.3d 750, 758 (11th Cir. 2000) (quoting United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir.

1992)). The arrest must be objectively reasonable under the totality of the circumstances. U.S. v. Lyons, 403 F.3d 1248, 1253 (11th Cir. 2005). "[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997) (citing Hill v. California, 401 U.S. 797, 804, 91 S. Ct. 1106, 1111, 28 L.Ed.2d 484 (1971)). Moreover, "[a] search incident to arrest is always allowed of the suspect's person and the immediate area from which the suspect can grab a weapon or destroy evidence." United States v. Standridge, 810 F.2d 1034, 1037 (11th Cir. 1987). Finally, whether the search is conducted prior to the arrest is not fatal. Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564, 65 L.Ed.2d 633 (1980) (finding that where the formal arrest followed quickly the challenged search of petitioner's person, it was not particularly important whether the search preceded the arrest).

Here, Defendant was lawfully arrested for possessing what the officers believed was cocaine. Defendant voluntarily produced a white powder and claimed to sell it as cocaine. The powder field-tested positive for cocaine, and a K9 alerted to the powder as well. These facts provided Det. Velez with probable cause to arrest Defendant for possession of cocaine. Therefore, a search of the vehicle was permitted as it could have reasonably yielded further evidence of drug offenses.

3. **Warrantless Search Permitted as Valid Inventory Search**

Finally, the inventory of a vehicle is another exception to the Fourth Amendment

CASE NO.: 10-cr-20410-LENARD/Turnoff

warrant requirement. Although the impoundment and inventory of a vehicle must be conducted pursuant to standard procedures, these do not have to be written. South Dakota v. Opperman, 428 U.S. 364, 376, 96 S. Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976). Here, Defendant's vehicle was reasonably impounded, as he was alone on the street. Moreover, the inventory search was conducted to protect Defendant's property while in police custody and to protect the officers from any dangers that may have been in the vehicle. Colorado v. Bertine, 479 U.S. 367, 371, 107 S. Ct. 738, 741, 93 L.Ed.2d 739 (1987). Just because the officers may have suspected that there were illegal items in the vehicle does not vitiate the validity of the inventory search. United States v. Grossman, 233 Fed. App'x 963, 968 (11th Cir. 2007) (finding that the validity of an inventory search that is otherwise reasonable is not vitiated by a police officer's suspicion that contraband or other evidence may be found).

## Recommendation

In light of the foregoing, the undersigned finds that, under several exceptions to the warrant requirement, the officers had probable cause to stop Defendant and search his vehicle. The officers had probable cause based upon the wiretap information and their observations in connection therewith, as well as various traffic infractions. Moreover, the officers were justified in searching Defendant's vehicle after witnessing what they reasonably suspected was cocaine and the K9's alert to the vehicle. They also had probable

CASE NO.: 10-cr-20410-LENARD/Turnoff

cause to search the vehicle incident to Defendant's lawful arrest and pursuant to an inventory search following Defendant's arrest and the impoundment of his vehicle.

Therefore, it is hereby **RECOMMENDED** that Defendant Rahmin J. Jefferson's Motion to Suppress **[DE 282]** be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Judge, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 19 day of December 2010.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Joan A. Lenard
All counsel of record