**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 10-20410-CR-LENARD/TURNOFF

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**RAHMIN JEFFERSON**,

        Defendant.
_____/

**ORDER DENYING DEFENDANT RAHMIN JEFFERSON'S**
**MOTION SEVER (D.E. 681)**

**THIS CAUSE** is before the Court on Defendant Rahmin Jefferson's Motion to Sever (D.E. 681), filed on April 8, 2011. The Government filed its Response in Opposition (D.E. 695) on April 15, 2011. Upon review of the Motion, Response and the record, the Court finds as follows.

**I.     Background**

Defendant Rahmin Jefferson is one of fifteen defendants being prosecuted on charges arising from an alleged narcotics distribution ring based out of Miami Gardens. The Superseding Indictment (D.E. 462) charges Jefferson with conspiracy to possess with intent to sell crack, cocaine, marijuana and MDMA (Count 1), possession of a firearm and ammunition by a convicted felon (Count 5) and possession of a firearm in furtherance of a drug trafficking crime (Counts 8 and 9).

Jefferson now moves this Court to sever his trial from that of his remaining co-defendants pursuant to Federal Rules of Criminal Procedure 8(b) and 14. (Mot. at 1.)  He

argues that the conduct charged in Counts 5, 8 and 9 falls outside of the conspiracy charged in Count 1.  (*Id*. at 6.) He also contends that he was initially stopped after leaving a co-defendant's house based on information obtained through a wiretap.  (*Id*. at 2.)  He claims that neither his name nor any references to him will be found in the cache of taped phone calls collected by investigators. (*Id*. at 3.)  Thus, subjecting Jefferson to a lengthy trial with numerous charges and voluminous evidence against multiple defendants may cause jurors confusion and make it unreasonably difficult for them to attribute individual actions and charges to each defendant . (*Id*. at 4.)

Jefferson further argues that he is prejudiced because he is currently incarcerated and awaiting the joint trial (he is ready for trial now) and his privately retained counsel will not be able to effectively represent him at a joint trial. (*Id*. at 5.)

The Government, in its Response, opposes severance.  It argues that Jefferson is properly joined with all co-defendants in the Superseding Indictment and for trial because the charges against him occurred in furtherance of the conspiracy and within its temporal bounds.  (Resp. at 5.) The Government also rebuts Jefferson's fears of a prejudicial spillover in evidence by indicating that the evidence against him is compelling, unique and not overly complex.  (*Id*. at 6-8.)  Any prejudice resulting from juror confusion may be adequately reduced with limiting instructions.  (*Id*. at 8.)  Finally, judicial economy would not be served by severance as most of the evidence that will be presented at a joint trial would also be presented at Jefferson's trial. (*Id*. at 9.)

**II.     Discussion**

The Court must undertake a two-step inquiry to determine whether Jefferson's Motion for Severance should be granted. First, the government bears the burden to show that joinder is proper under Federal Rule of Criminal Procedure 8. *United States v. Gabay*, 923 F.2d 1536, 1539 (11th Cir. 1991). If it is, the Court then must consider whether it should exercise its discretion to sever offenses in order to avoid prejudice to a defendant or the government. *Id. (*citing *United States v. Montes-Cardenas*, 746 F.2d 771, 776 (11th Cir. 1984)).

Federal Rule of Criminal Procedure 8(b) governs the joinder of defendants, providing in part: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(a). Courts broadly construe this Rule in favor of joinder. *United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000). Defendants charged with participating in the same offenses are ordinarily tried together, even if the evidence is stronger against some than against others. *See United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997); *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985) (noting that the danger of prejudice to the least guilty or the prejudice from confusion in a multi-defendant trial is almost always outweighed by the economies of a single trial). Joinder is proper when "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense." *United States v. Weaver*, 905 F.2d 1466, 1477 (11th Cir. 1990). Notwithstanding this principle, it is not required that every defendant be involved in every

3

phase of the criminal enterprise or even know the identities and roles of the other participants. *United States v. Wilson*, 894 F.2d 1245, 1252-53 (11th Cir. 1990).

As an initial matter, the Court notes that Jefferson's charged offenses (Counts 5, 8 and 9) occurred during the time period of the charged conspiracy (Count 1), which spanned May 2009 through June 3, 2010. (*See* Superseding Indictment at 2-7.) Because Jefferson possessed a firearm in furtherance of the ongoing drug trafficking conspiracy and was a convicted felon at the time, all four counts against him are properly joined. *See also United States v. Gentile*, 495 F.2d 626, 632 (5th Cir. 1974) (Fifth Circuit found improper joinder where charged acts in furtherance of a conspiracy occurred outside of the time frame of the alleged conspiracy). Jefferson is also properly subject to trial involving all of his co-defendants' charged crimes including, *inter alia*, possession of fraudulent identification documents, as these offenses were committed with the purpose of funding, and therefore furthering, the drug trafficking conspiracy. *See Dominguez*, 226 F.3d at 1241.

Under Federal Rule of Criminal Procedure 14, the Court may consider severing the trials of multiple defendants where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). An example of such a risk is the admission of evidence against a defendant that would not be otherwise admitted in a severed trial. *See id.* Jefferson points to the potential of evidence to be admitted at joint trial that would have no relevancy to the four

4

charges against him but would be admissible as relevant on one of the combined forty-two additional charges against his co-defendants. He claims this evidential spillover effect will be highly prejudicial.

Jefferson bears the heavy burden to show that a jury will be unable, due to the massive amount and complex nature of the evidence, to make an individualized guilt determination for each defendant. *Francis*, 131 F.3d at 1459 (citing *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993)). His fears of spillover and juror confusion are common in cases involving conspiracies and multiple defendants. *Cf. id.* However, his conclusory allegations cannot carry the burden to show compelling prejudice. *Id.* (citing *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993).

Here, the Government proffers that the evidence as to Jefferson's participation in the alleged drug trafficking operation will be substantial, specific to his role in the conspiracy on September 16, 2009, and not of such a complex nature that the jury will be unable to comprehend it. (Resp. at 7-8.) Moreover, the presumption exists that cautionary instructions to the jury will guard adequately against any prejudice arising from the joint trial. *United States v. Gonzalez*, 940 F.2d 1413, 1428 (11th Cir. 1991); *Francis*, 131 F.3d at 1459 (affirming district court's denial of motion to sever). Here, the Court may give the jury limiting instructions, advising them to consider evidence solely for the purpose for which it is being introduced and only against those defendants against whom it is being offered. *See United States v. Kopituk*, 690 F.2d 1289, 1320 (11th Cir. 1982) (a curative instruction from the court is "the most efficacious tool to protect

5

against" the danger of spillover).; *United States v. Jiminez*, 983 F.2d 1020, 1023 (11th Cir. 1993) (the district court judge eliminated possibility of reversible error by issuing limiting instructions).

Finally, the Court "must balance the right of the defendant to a fair trial against the public's interest in the efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). Jefferson offers no legal support and the Court is not aware of any law that requires it to take into account his pre-trial incarceration as a factor in this analysis.[1]

Accordingly, the Court finds that Jefferson has not adequately shown compelling prejudice nor that his right to fair trial[2] would be significantly impinged such that the public's interest in efficiency and judicial economy would be outweighed under Rule 14. For these reasons, his Motion to Sever must be denied.

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** Defendant Rahmin Jefferson's Motion to Sever (D.E. 681), filed on April 8, 2011, is **DENIED**.

---

[1] Jefferson had been out on pre-trial bond from approximately July 28, 2010 through January 7, 2011. The reason for his revocation of bond and consequent incarceration appears to be Jefferson's violation of the terms of his pre-trial release and the revocation of his bond by a co-signor.

[2] Jefferson does not elaborate on his claim that his counsel would be unable to effectively represent him at joint trial and has provided no legal basis on why the Court should consider this factor in the Rule 14 balance.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of August, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**